UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **MARTIN WALLACE** § | | CIVIL ACTION NO. _____ |
| *Plaintiff,* § | | |
| § | | |
| v. § | | JUDGE _____ |
| § | | |
| **SHELTER MUTUAL INSURANCE** § | | |
| **COMPANY** § | | MAG. JUDGE _____ |
| *Defendant.* § | | |
| § | | |

**COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through undersigned counsel comes Plaintiff **MARTIN WALLACE** ("Plaintiff"), who files this Complaint for Damages against Defendant, **SHELTER MUTUAL INSURANCE COMPANY**, (sometimes hereinafter referred to as "Shelter") and would respectfully show as follows:

### I. PARTIES

1. Plaintiff **MARTIN WALLACE** is a person of the full age of majority and is domiciled in Rapides Parish, (hereinafter referred to as "Plaintiff").

2. Made Defendant herein is **SHELTER MUTUAL INSURANCE COMPANY**, an insurer domiciled in Columbia, Missouri who is authorized to do and is doing business in the State of Louisiana and the Parish of Rapides, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

3. When used herein, Shelter refers to not only the named entity but to anyone acting for or on behalf of Shelter in relation to the claims of Plaintiff, including the employees, contractors, adjusters, and agents of Shelter or anyone providing services to Shelter relating to the claims of Plaintiff.

## II.  JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Western District of Louisiana, Lake Charles Division because the property that is subject of this action and where the damages were sustained occurred within the Western District of Louisiana, Alexandria Division.

## III.  FACTUAL BACKGROUND

6. On or around August 27, 2020, Hurricane Laura came ashore near Cameron Parish, Louisiana. As a near Category 5 hurricane, it was the fifth largest storm to ever impact the United States.[1] Hurricane-force winds extended inward for well over 100 miles and inflicted catastrophic damage across Louisiana and more specifically within the Cameron Parish area.

7. At all times relevant hereto, Plaintiff owns the property located at 513 Holiday Circle, Pineville, Louisiana 71360 (the "Property").

8. At all times relevant hereto, Shelter provided a policy of insurance, Policy # 17-71-8223190-1 (the "Policy"), to Plaintiff covering the Property against perils including hurricanes and wind damage and provided the following types of coverages commonly known as Dwelling, Other

---

[1] Jeff Masters, *Devastating Laura Is Tied as the Fifth-strongest Hurricane on Record to Make Landfall in the Continental U.S.*, YALE CLIMATE CONNECTIONS (Aug. 27, 2020), available at https://yaleclimateconnections.org/2020/08/devastating-laura-tied-as-fifth-strongest-hurricane-to-make-landfall-in-continental-u-s/

Structures, Contents/Personal Property, and Additional Living Expenses/Loss of Use. The Policy was in full force and effect during all times pertinent hereto, with the annual premium having been paid in full.

9. On or around August 27, 2020, Hurricane Laura caused significant damages to Plaintiff's Property.

10. Plaintiff timely and promptly reported the loss to Shelter who assigned claim number HO0000002877126 (the "Laura Claim"). As soon as practicable, Plaintiff took steps to mitigate the damages to their home to the best of their ability under the catastrophic circumstances.

11. Shelter was notified of the loss and was provided was satisfactory proofs of Plaintiff's loss when it was given full access to inspect all damages at the insured property without limitation. The inspection of the Property on behalf of Shelter constituted satisfactory proof of loss as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

12. Shelter prepared an estimate which misrepresented the extent and nature of the damage to Plaintiff's home and underestimated the amount needed to repair the home to pre-loss condition. Defendant's inspection of the Property was inadequate and did not accurately account for the full extent of the damages to the Property.

13. Plaintiff was unable to make meaningful repairs to the Property with the insufficient proceeds allowed by Shelter.

14. On or about January 7, 2021, Plaintiff at its own cost, engaged the services of his own adjuster NTX Claim Consulting to complete a thorough inspection of the damage caused by Hurricane Laura and prepare an accurate, complete, and correct estimate of damages which totaled

over $90,000.00 for only the repair of the dwelling and other structures, exclusive of any other covered losses.

15. Plaintiff's Adjuster created an estimate of damages that documented significantly more damage to the dwelling and other structures that Shelter failed to account for.

16. Plaintiff provided Shelter with these estimates detailing the true loss and made multiple demand for payment pursuant to the Policy, which was provided to Shelter on January 15, 2021.

17. Upon information and belief, Plaintiff submitted a list of Additional Living Expenses/Loss of Use expenses incurred and damaged Contents.

18. To date, and despite being provided with satisfactory proofs of loss, Shelter has continue to underpay the claim. Defendant is therefore in violation of La R.S. §22:1892 and §22:1973.

19. Shelter has failed to adequate investigate the claim or explain its refusal to unconditionally tender the undisputed amount owed to Plaintiff.

20. As a result of Shelter's failure to timely and adequately compensate Plaintiff for the substantial losses, the Property remains in a state of disrepair.

21. The failure of Shelter to make an adequate and timely payment of damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Plaintiff's extensive damages, thereby rendering Shelter liable in bad faith for failure to deal fairly with its insured, and consequently liable to Plaintiff for all damages under the law for property damages sustained by Plaintiff due to Hurricanes Laura, as well as penalties and attorney's fees pursuant to La R.S. §22:1973.

22. Upon information and belief, Shelter conducted the investigation and claims handling for Plaintiff's claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

23. Plaintiff has incurred or will incur additional expenses in restoring the Property as a result of Shelter's failure to timely compensate Plaintiff for the substantial covered losses.

24. As a result of Shelter's failure to timely and adequately compensate Plaintiff for the covered losses, Plaintiff was forced to incur the expense of retaining counsel and other expenses to accurately document fer damage.

### IV. CAUSES OF ACTION

**A. Breach of Contract**

25. Plaintiff incorporates paragraphs 1 – 24 herein.

26. An insurance contract, the Policy, exists between Plaintiff and Shelter.

27. The Policy provides coverages for perils including hurricanes and wind damage.

38. Despite having receiving satisfactory proofs of loss for damages caused by Hurricanes Laura and Delta, Shelter failed to timely adhere to the terms of contract and refused to tender adequate insurance proceeds pursuant to the Policy.

29. Shelter wrongfully failed to comply with the terms of the contract by failing to accept coverage and pay for a covered loss. Shelter is therefore in breach of the contract of insurance issued to Plaintiff.

30. By misrepresenting the terms and conditions of the Policy, Shelter breached the Policy.

31. By failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing, Shelter breached the Policy.

32. Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy. In addition to amounts reflected in proofs of loss already received by Shelter, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

### B. Claims for Violations of La. R.S. § 22:1892 and/or § 22:1973

33. Plaintiff incorporates paragraphs 1 - 32 herein.

34. Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of §22:1973. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

35. Louisiana Revised Statute 22:1892 obligates an insurer, such as Shelter, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

36. Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

37. Shelter is in violation of La R.S. §22:1892 and §22:1973 for failing to provide Plaintiff an adequate payment in connection with the claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Plaintiff.

38. More than thirty and sixty days have elapsed since Shelter first received satisfactory proof of loss of all of Plaintiff's claims and Shelter still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

39. Shelter's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

40. Shelter is and continues to be in violation of both Louisiana Revised Statutes §22:1892 and §22:1973 and is liable to Plaintiff for damages, statutory penalties, attorneys' fees, interest, and costs.

## V. DAMAGES

41. Plaintiff incorporates paragraphs 1 - 40 herein.

42. As a result of Shelter's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

   a. Diminution in value of the Property;

   b. Actual repair costs;

   c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Damages to personal property/contents;

f. Additional living/loss of use expenses;

g. Mental anguish;

h. Penalties described in LA. R.S. §22:1892 and §22:1973; and

i. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, after due proceedings hereon, Plaintiff Martin Wallace prays for judgment in his favor against Defendant Shelter finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs. Plaintiff further prays for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Date: July 30, 2021

Respectfully submitted:

**McClenny, Moseley & Associates, PLLC**

/s/ Cameron Snowden
Cameron Snowden
La Bar Roll # 35333
cameron@mma-pllc.com
Michael S. Barcus
La Bar Roll# 38979
michael@mma-pllc.com
1415 Louisiana St., Suite 2900
Houston, Texas 77002
Principal Office No. 713-334-6121
Facsimile: 713-322-5953